UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ASSOCIATED MARINE & INDUSTRIAL STAFFING, INC., | § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-10-900 |
| | § | |
| LIBERTY SURPLUS INSURANCE CORPORATION, | § § § | |
| Defendant. | § | |

**OPINION AND ORDER**

Pending before the Court is Defendant Liberty Surplus Insurance Corporation's ("Liberty") Motion for Summary Judgment (Doc. 5), as well as Plaintiff Associated Marine & Industrial Staffing, Inc.'s ("Associated Marine") response (Doc. 10) and Liberty's supplemental briefs (Docs. 13 and 16.)  Upon review and consideration of this motion, the response and supplemental briefs thereto, the relevant legal authority, and for the reasons explained below, the Court finds that the motion should be granted.

I.  Background and Relevant Facts

This is an insurance case in federal court pursuant to diversity jurisdiction.

Effective October 10, 2007, Liberty issued to Associated Marine a commercial general liability insurance policy no. DGLBO188760017 ("the Policy").  (Doc. 1-3 at 4.)

On March 29, 2008, Carlos Garcia ("Garcia") was struck by a garbage truck on Wiedner Drive in Katy, Texas.  According to Garcia, two employees of Associated Marine, Ronald Dewayne Hill ("Hill") and Antoine Ellison ("Ellison"), "caused the garbage truck to drive in reverse, striking [Garcia]."  (*Id.* at 13.)

On August 10, 2009, Garcia filed his first amended petition against Hill, Ellison, and

Associated Marine in Cause No. 2009-04080, *Carlos Garcia v. Associated Marine & Industrial Staffing, Inc., et al.*, in the 190th Judicial District Court of Harris County, Texas, bringing claims of negligence.  (Doc. 1-3 at 12.)  Specifically, Garcia's Petition states that:

> the negligence of Defendants, [Hill] and/or [Ellison], was a proximate cause of the incident and [Garcia's] resulting injuries and damages.
>
> . . .
>
> [Associated Marine is] legally responsible to [Garcia] for the negligent conduct of its employees . . . under the legal doctrines of *respondeat superior*, agency, and/or ostensible agency because Defendant's employees, Defendants [Hill] and/or [Ellison] were at all times hereto an agent, ostensible agent, servant and/or employee of [Associated Marine], and were acting within the course and scope of such agency or employment.

(Doc. 1-3 at 14.)  Garcia's Petition further alleges that Associated Marine was "negligent in hiring incompetent or unfit employees and/or in failing to properly train, instruct and supervise its employees."  (*Id*. at 15.)

After being served with *Garcia's* suit, Associated Marine filed a claim with Liberty, for coverage, defense, and indemnification pursuant to the Policy.  On November 16, 2009, Liberty denied Associated Marine's claim.  (Doc. 5-3.)  Liberty cited the Policy's exclusion for injuries resulting from automobile use (the "auto exclusion").  (*Id.*)  Specifically, the Policy states:

> This insurance does not apply to . . . "[b]odily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any . . . "auto" . . . owned or operated by or rented or loaned to any insured.  Use includes operation and "loading or unloading."

(Doc. 5-1 at 25–28, ¶ 2(g).)

On February 22, 2010, Associated Marine filed this suit against Liberty in the 165th Judicial District Court of Harris County, Texas seeking a declaratory judgment that Liberty owes a duty to defend and indemnify Associated Marine in the underlying suit, and bringing claims for

breach of contract and violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act ("TDTPA").  (Doc. 1-3 at 2.)  On March 18, 2010, Liberty removed the case to this Court pursuant to 28 U.S.C. §§ 1332, 1367, and 1441, *et seq*.  (Doc. 1.)  Liberty now moves for summary judgment.  (Doc. 5.)

II.  Standard of Review

A party moving for summary judgment must inform the court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  The substantive law governing the suit identifies the essential elements of the claims at issue and therefore indicates which facts are material.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The initial burden falls on the movant to identify areas essential to the nonmovant's claim in which there is an "absence of a genuine issue of material fact."  *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005).  If the moving party fails to meet its initial burden, the motion must be denied, regardless of the adequacy of any response.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*).  Moreover, if the party moving for summary judgment bears the burden of proof on an issue, either as a plaintiff or as a defendant asserting an affirmative defense, then that party must establish that no dispute of material fact exists regarding all of the essential elements of the claim or defense to warrant judgment in his favor.  *Fontenot v. Upjohn*, 780 F.2d 1190, 1194 (5th Cir. 1986) (the movant with the burden of proof "must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor") (emphasis in original).

Once the movant meets its burden, however, the nonmovant must direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 323–24. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Indust. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citing *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)). Instead, the nonmoving party must produce evidence upon which a jury could reasonably base a verdict in its favor. *Anderson*, 477 U.S. at 248; *see also DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005). To do so, the nonmovant must "go beyond the pleadings and by [its] own affidavits or by depositions, answers to interrogatories and admissions on file, designate specific facts that show there is a genuine issue for trial." W*ebb v. Cardiothoracic Surgery Assoc. of North Texas, P.A.*, 139 F.3d 532, 536 (5th Cir.1998) (overruled on other grounds by *Burlington N. & Santa Fe Ry. Co. v. White*, 126 S.Ct. 2405, 2414 (2006)). Unsubstantiated and subjective beliefs and conclusory allegations and opinions of fact are not competent summary judgment evidence. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998); *Grimes v. Texas Dept. of Mental Health and Mental Retardation*, 102 F.3d 137, 139–40 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992), *cert. denied*, 506 U.S. 825 (1992). Nor are pleadings summary judgment evidence. *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1046 (5th Cir. 1996) (citing *Little*, 37 F.3d at 1075). The nonmovant cannot discharge his burden by offering vague allegations and legal conclusions. *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992); *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 889 (1990). Nor is the court required by Rule 56 to sift through the record in search of evidence to support a party's opposition to summary judgment. *Ragas v. Tennessee Gas Pipeline Co.*, 136

F.3d 455, 458 (5th Cir. 1998) (citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).

Nevertheless, all reasonable inferences must be drawn in favor of the nonmoving party. *Matsushita*, 475 U.S. at 587–88; *see also Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). Furthermore, the party opposing a motion for summary judgment does not need to present additional evidence, but may identify genuine issues of fact extant in the summary judgment evidence produced by the moving party. *Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 198–200 (5th Cir. 1988). The nonmoving party may also identify evidentiary documents already in the record that establish specific facts showing the existence of a genuine issue. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990). There is a "genuine" issue of material fact if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

## III.  Discussion

Associated Marine alleges that the Policy required Liberty to defend and indemnify it "against any claim for 'bodily injury' damages" and that Garcia's suit "is a claim for bodily injury damages." (Doc. 1-3 at 5.) Associated Marine therefore contends that Liberty breached the Policy by failing to defend it against Garcia's suit.

In determining an insurer's duty to defend, Texas follows the "eight-corners" rule, which provides that "when an insured is sued by a third party, the liability insurer is to determine its duty to defend solely from the terms of the policy and the pleadings of the third-party claimant. Resort to evidence outside the four corners of these two documents is generally prohibited." *GuideOne Elite Ins. Co. v. Fielder Road Baptist Church*, 197 S.W.3d 305, 307 (Tex. 2006). If the petition alleges only facts excluded by the policy, the insurer is not required to defend.

*Fidelity & Guar. Ins. Underwriters, Inc. v. McManus*, 633 S.W.2d 787, 788 (Tex. 1982).

Garcia's state court suit against Associate Marine alleged that Hill and Ellison "caused the garbage truck to drive in reverse," striking Garcia.  (Doc. 1-3 at 13.)  Associated Marine responds that Hill "parked and then left a garbage truck, which later rolled into and injured [Garcia]."  (Doc. 10 at 2.)  Liberty's commercial general liability insurance policy, however, does not cover losses "arising out of the ownership, maintenance, use or entrustment to others of any . . . 'auto' . . . owned or operated by or rented or loaned to any insured."  (Doc. 5-1 at 28, § I(2)(g).)  The Policy defines an "auto" as "a land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment."  (*Id.* at 38, § V(2).)

Associated Marine next contends Garcia's allegation of "negligent hiring, training, and supervision" in the underlying suit raises an independent duty requiring Liberty to defend and indemnify it.  (Doc. 10 at 4.)  Here, the Court must determine whether negligent hiring, training, and supervision falls within the purview of "use or entrustment" of an auto.  Antecedent negligence is excluded where claims of negligent supervision would not exist "but for" negligent use of a vehicle.  *Reyna*, 401 F.3d at 354 (finding "no doubt that but for the negligent driving of [a vehicle], there would be no lawsuit" and holding that "when allegations of antecedent negligence are related to the underlying conduct giving rise to the suit, rather than creating a separate, independent cause of the injury, the fact that the conduct that created the injury is excluded conduct under the policy defeats coverage."); *McManus*, 633 S.W.2d at 788–90; *Centennial Ins. Co. v. Hartford Accident & Indem. Co.*, 821 S.W.2d 192, 194–6 (Tex. App.— Houston 1991).

Finally, Associated Marine contends that Liberty has a duty to indemnify, even if it does not have a duty to defend.  (Doc. 10 at 5.)  However, it is well-settled in Texas that the duty to

defend is broader than the duty to indemnify.  *St. Paul Fire & Marine Ins. Co. v. Green Tree Financial Corp.-Texas*, 249 F.3d 389, 391 (5th Cir. 2001); *Gulf Chemical & Metallurgical Corp. v. Associated Metals & Minerals Corp*, 1 F.3d 365, 369 (5th Cir. 1993).  "When an insurer has no duty to defend, it also has no duty to indemnify if same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify."  *Farmers Texas County Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997).  Associated Marine raises the possibility that:

> facts could arise during the trial or settlement of the Underlying Lawsuit that establish that Liberty has a duty to indemnify [Associated Marine.] This could arise if the facts decided in the underlying suit include that Hill and/or Ellison were not actually driving or 'using' the truck, and/or [Associated Marine's] negligent hiring, training, supervision and/or retention of Hill and/or Ellison was independent of any use of an auto.

(Doc. 10 at 5.)

There is no evidence to support this assertion.  On the contrary, Association Marine admits that Hill had "parked" the truck which "later rolled into and injured" Garcia.  Whether or not Hill was holding the steering wheel at the moment of impact, it is beyond dispute that the vehicle was under the "ownership, maintenance, use or entrustment" of Associated Marine. *Finnigan v. Blanco County*, 670 S.W.2d 313, 316 (Tex. App.—Austin 1984, no writ) (holding that "use or operation of a motor-drive vehicle . . . includes the act of stopping the vehicle"); *Employers Mut. Cas. Co. v. St. Paul Ins. Co.*, 154 S.W.3d 910, 914–15 (Tex. App.—Dallas 2005, no pet.) (holding that despite the fact that a truck was parked, "but for the use or operation of the truck there would not have been an accident"); *Dallas Area Rapid Transit v. Willis*, 163 S.W.3d 814, 817 (Tex. App.—Dallas 2005, pet. denied).  The Court finds that Associated Marine's speculations with regard to Liberty's duty to indemnify and defend fail to withstand summary judgment scrutiny.

7 / 8

Because Garcia's petition alleges injury caused by the use of an automobile, which is specifically excluded under the Policy, Associated Marine's breach of contract claim in this suit fails as a matter of law.  Associated Marine's extra-contractual claims under the Texas Insurance Code and TDTPA depend on its claim that Liberty wrongfully denied coverage.  *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338 (Tex. 1995).  As the Court has rejected that claim, Associated Marine's extra-contractual claims must also be dismissed.

IV.  Conclusion

Accordingly, the Court hereby **ORDERS** that Defendant Liberty Surplus Insurance Corporation's Motion for Summary Judgment (Doc. 5) is **GRANTED**.

SIGNED at Houston, Texas, this 29th day of March, 2011.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE